IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.               Criminal No. 2:13-cr-20041-PKH-MEF-6
                 Civil No. 2:16-cv-02122-PKH-MEF

PHILLIP KNOX                                                  DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 filed May 31, 2016.[1] (Doc. 277)  The matter is ready for Report and Recommendation.

**I. Background**

On June 5, 2013, Defendant/Petitioner, Phillip Knox ("Knox"), was named in an Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and two counts of use of a communication facility, namely, a cell phone, in committing, causing and facilitating a felony drug offense, namely, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, all in violation of 21 U.S.C. § 843(b) (Counts Nine and Ten).  (Doc. 1)  Knox was arrested on June 11, 2013, and he appeared before the Honorable James R. Marschewski, U. S. Magistrate Judge, for arraignment on June 14, 2013, at which time Knox entered a not guilty plea to the Indictment.  (Doc. 43)  Mr. Andrew R. Miller ("Miller"), a CJA panel attorney, was appointed to represent Knox.  (Docs. 43, 61)  Miller filed a Notice of Request for Discovery on June 26, 2014.  (Doc. 74)  The United States responded

---

[1] The Petition is a form for use under 28 U.S.C. § 2241, but as it cautions, and as the Petition presents a collateral challenge to a federal sentence, the Court liberally construes the *pro se* Petition as one seeking relief under 28 U.S.C. § 2255.

and requested reciprocal discovery on June 28, 2013. (Doc. 76)

On December 4, 2013, Knox appeared before the Honorable P. K. Holmes, III, Chief U. S. District Judge, for a change of plea hearing. (Doc. 110) A written plea agreement was presented to the Court, and Knox pleaded guilty to Count One of the Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. (Docs. 109, 110) The Court tentatively accepted Knox's guilty plea and ordered a Presentence Investigation Report ("PSR"). (Doc. 110)

An initial PSR was prepared by the United States Probation Office on March 19, 2014. (Doc. 121) On April 2, 2014, Knox advised that he had three objections to the initial PSR. (Doc. 126) First, Knox objected to the drug quantity attributed to him in the PSR, contending that "the [PSR] only definitively connects Defendant to one-sixteenth of an ounce (1.7718452 grams) of methamphetamine mixture." (Id.) Second, Knox objected to the PSR's failure to apply a downward adjustment for his role in the offense, contending that he was only a minor or minimal participant in the offense. (Id.) Third, Knox objected to the career offender enhancement. (Id.) The Probation Officer made no changes to the PSR based on Knox's objections. (Doc. 146-1, pp. 2-3)

On April 7, 2014, the Government advised that it had two objections to the initial PSR, both relating to the quantity of methamphetamine attributed to Knox; but, the Government acknowledged that its objections would not change the guidelines calculation for Knox. (Doc. 134) Responding to the first objection, the Probation Officer omitted paragraph 22 of the initial PSR (relating to a conversation among co-conspirators believed to be about the quantity of methamphetamine delivered to Knox). (Doc. 146-1, p. 1) Concerning the second objection, the Probation Officer reported that "[t]here appears to be conflicting proffer information among co-conspirators regarding Knox's

involvement," and that the Probation Officer calculated Knox's sentencing guidelines "consistent with the information obtained during the presentence investigation" and "consistent with the information contained within paragraph 2(g) of the plea agreement," so no changes were made in regard to drug quantity. (Doc. 146-1, p. 2)

On April 18, 2014, a final PSR was submitted to the Court. (Doc. 146) The final PSR determined that Knox was accountable for a total of 108.08285 grams of a substance containing methamphetamine. (Doc. 146, ¶ 30) That drug quantity resulted in a base offense level of 26. (Doc. 146, ¶ 35) No specific offense characteristics, victim related, role in the offense, or obstruction of justice adjustments were made. (Doc. 146, ¶¶ 36-39) Knox was determined to be a career offender, enhancing his offense level to 32; and, after a three-level reduction for acceptance of responsibility was made, his total offense level was determined to be 29. (Doc. 146, ¶¶ 41-44)

Knox's extensive criminal history resulted in a criminal history score of 34, placing him in criminal history category VI. (Doc. 146, ¶ 102) The offense of conviction provides for a statutory maximum term of 20 years imprisonment. (Doc. 146, ¶ 135) Based upon a total offense level of 29 and a criminal history category of VI, Knox's advisory guideline range was determined to be 151 to 188 months imprisonment. (Doc. 146, ¶ 136)

Knox appeared for sentencing on June 18, 2014. (Doc. 214) The Court sentenced Knox to a below-guidelines term of 120 months imprisonment, to be followed by three years supervised release, no fine, and imposition of a $100.00 special assessment. (Id.) Judgment was entered by the Court on June 19, 2014. (Doc. 217) Knox did not pursue a direct appeal.

On May 27, 2016, Knox filed his pending motion in the United States District Court for the Eastern District of Arkansas. (Doc. 277) The motion was transferred to the Western District of

Arkansas on May 31, 2016. (Doc. 278) The motion raises one ground for relief: that his enhancement as a career offender under U.S.S.G. § 4B1.1 is invalid pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Doc. 277, p. 4) The United States filed its response on June 30, 2016. (Doc. 285) A supplement was filed by the United States on August 26, 2016, in which it suggested that a stay should be entered pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016). (Doc. 291) An Order staying this action pending further order of the Court was entered on September 7, 2016. (Doc. 292) The stay was terminated by Order entered on March 10, 2017. (Doc. 298) As directed, the United States filed a Supplemental Response on March 23, 2017. (Doc. 301) Knox did not file a supplemental reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Knox's motion, and the files and records of this case, conclusively

shows that Knox is not entitled to relief, and the undersigned recommends the denial and dismissal of Knox's § 2255 motion with prejudice without an evidentiary hearing.

### A. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

### B. *Beckles* and the Residual Clause of the Career Offender Guideline

The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime of violence" for career offender purposes under the Sentencing Guidelines, is constitutional in the

wake of *Johnson*. For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Sentencing Guidelines, including § 4B1.2(a)(2)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the Guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and, the Guidelines do not implicate concern with arbitrary enforcement since they do not prohibit any conduct or establish minimum and maximum penalties for any crime. The *Beckles* opinion controls the outcome in this case.

### C. Career Offender Guideline Claim

Knox's sole ground for relief is that his prior conviction for Fleeing Apprehension under Arkansas law fell within the residual clause of the career offender guideline, and that his sentence must be vacated without the career offender designation pursuant to *Johnson*. (Doc. 277, p. 4) The United States argues that the *Johnson* rule is inapplicable to Knox's sentence since it was enhanced pursuant to U.S.S.G. § 4B1.1(a), not the ACCA, and *Beckles* makes clear that the Sentencing Guidelines, including the career offender enhancement under § 4B1.1(a), are not subject to void for vagueness challenges under the Due Process Clause. (Doc. 301, pp. 1-2) The United States is correct.

In *Beckles*, the Supreme Court specifically held that the residual clause in § 4B1.2(a)(2) is not void for vagueness. *Id*. at *6, 11. Therefore, Knox's *Johnson* based argument that his prior Fleeing Apprehension conviction should not count as a predicate offense for career offender

enhancement under the residual clause of § 4B1.2(a)(2) necessarily fails.

### D. No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255). No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (8th Cir. 2008). Those are the circumstances in this case. Resolution of Knox's claims can be accomplished by reviewing the record and applicable law. A thorough review of Knox's § 2255 motion, the files and records of this case, and applicable law, shows that Knox is entitled to no relief. Accordingly, I recommend the summary dismissal of Knox's § 2255 motion without an evidentiary hearing.

### E. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Considering the Supreme Court's decision in *Beckles*, I conclude that Knox has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

I recommend that Knox's Motion Under 28 U.S.C. § 2255 (Doc. 277) be **DISMISSED with PREJUDICE**. I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE